

# In the United States Court of Federal Claims

No. 16-206C

(Filed: August 1, 2016)

FILED
AUG - 1 2016
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| GINA BRASHER LANGLEY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Pro Se Complaint; Motion for Sanctions; RCFC 11; RCFC 6.1. |

Gina B. Langley, Neptune Beach, FL, pro se.

Brian J. Sullivan, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., for defendant.

ORDER

CAMPBELL-SMITH, Chief Judge

Before the court is plaintiff's motion for sanctions. Plaintiff's Motion for Sanctions, ECF No. 7 ("Pl.'s Mot."). For the following reasons, the court DENIES plaintiff's motion.

I.   Background

On February 10, 2016, plaintiff, Ms. Gina Brasher Langley, filed a complaint on her own behalf asking the court: (1) to order the IRS to refund $51,068.84 paid in federal taxes, with interest; (2) to remove her ex-spouse, Mr. Barney B. Langley, from the title of her home; (3) to cancel any interest in her home held by her ex-spouse's legal counsel (4) to void the State of Florida's judgment as to her home ownership; and (5) to award $1,200,000.00 in damages for the taking of her home by her ex-spouse's legal counsel, who is an elected official of the State of Florida "in charge of [the] homeland security funds." Compl. 9-10, ECF No. 1.

On April 8, 2016, defendant moved for an extension of time, seeking a "thirty-day enlargement of time . . . to file an answer or other responsive pleading to the plaintiff's complaint." Def.'s Mot. for Enlargement of Time, ECF No. 5 ("Def.'s Mot."). Defendant sought the additional time to obtain "the relevant administrative files and a comprehensive defense recommendation from the Internal Revenue Service ("IRS")." Def.'s Mot. 1. The court granted defendant's motion on April 13, 2016. Order, ECF No. 6.

Nearly one month later, Ms. Langley filed a Motion for Sanctions "in accordance with Rule 11." Pl.'s Mot. 12, ECF No. 7. That same day, she also filed an Amended Complaint. Am. Compl., ECF No. 8.

Defendant responded to the motion for sanctions asserting that "plaintiff ha[d] failed to identify any specific conduct by defendant that violates RCFC 11(b), th[at] plaintiff ha[d] failed to provide evidence of any bad-faith conduct, and [that] plaintiff's motion [was] [an] otherwise frivolous filing." Def.'s Resp. 1, ECF No. 11.

The matter is now ripe for a ruling.

II. Legal Standards

Rule 11 of the Rules of the United States Court of Federal Claims ("RCFC") permits the filing of a motion for sanctions. Such motion "must be made separately from any other motion and must describe the specific conduct that allegedly violates RCFC 11(b)." RCFC 11(c)(2). RCFC 11(b) requires parties to certify that:

> to the best of the [respective party's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [the motion] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

RCFC 11(b)(1)-(4).

III. Discussion

The allegations in the motion for sanctions appear to mirror the allegations in Ms. Langley's amended complaint. The court is unclear as to why Ms. Langley is seeking

2

sanctions against the defendant. When, such as here, the defendant has complied with Rule 12 and the plaintiff has not articulated how Rule 11(b) has been violated, the court is without grounds to grant a motion for sanctions.

Under RCFC 12, "the Unites States must file an answer to a complaint within 60 days after being served with the complaint." RCFC 12(a)(1)(A). Pursuant to RCFC 6.1, defendant may file "a motion for an enlargement of time" that includes: (1) the number of additional days request[ed], (2) the date to which the enlargement is to run, (3) the total number of days granted in any previously filed motions for enlargement [of time]; and (4) the reason for the [sought] enlargement.

On February 10, 2016, Ms. Langley filed her complaint. Compl. 9-10; FRCP 12(a)(1)(A). On April 8, 2016, one day before the 60 day time period was to run, defendant timely filed a motion for extension of time to file its answer. Def's Mot. On April 13, 2016, the court granted defendant's motion for the enlargement of time to obtain "the relevant administrative files and [the] defense recommendation from the Internal Revenue Service." Order, ECF No. 6. Defendant has complied with Rules 6.1 and 12. Without more, the court finds no basis for sanctions.

IV.   Conclusion

For the reasons set forth more fully above, Ms. Langley's motion for sanctions is **DENIED**.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge