ORIGINAL

# In the United States Court of Federal Claims

No. 16-206C

**FILED**

(Filed: August 1, 2016)

AUG – 1 2016

U.S. COURT OF
FEDERAL CLAIMS

)
GINA BRASHER LANGLEY,           )
                                )
              Plaintiff,        )
                                )
v.                              )
                                )
THE UNITED STATES,              )
                                )
              Defendant.        )
_____)

Pro Se Complaint; Dismissal for Lack
of Subject Matter Jurisdiction; Tax
Refund Claim; Takings Claim; Suit
precluded by previous actions in Tax
Court; I.R.C. § 6512(a).

Gina B. Langley, Neptune Beach, FL, pro se.

Brian J. Sullivan, Attorney of Record, Tax Division, United States Department of Justice,
with whom were Caroline D. Ciraolo, Acting Assistant Attorney General, and David I.
Pincus, for defendant. G. Robson Stewart, United States Department of Justice,
Washington, D.C., of counsel.

## OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

Plaintiff Gina Brasher Langley (Ms. Langley or plaintiff) filed a complaint on
February 10, 2016 on her own behalf against the United States (government or
defendant). Compl., ECF No. 1. Ms. Langley seeks just compensation from the Internal
Revenue Service (IRS) for the taking of her real property. She also seeks a tax refund of
$51,068.84, plus interest for tax years 2004, 2009, 2011, 2012, and 2013. Id. at 1;
Compl. App. A, 15-23.

Defendant filed a motion to dismiss the complaint on May 10, 2016. Def.'s Mot.
to Dismiss (Def.'s Mot.), ECF No. 9. Defendant asserts that the court lacks jurisdiction
to hear Ms. Langley's claims.

USPS TRACKING #
& CUSTOMER
RECEIPT

9114 9014 9645 0594 5521 46
For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

I.   Background

Before bringing an action in this court, Ms. Langley filed two actions before the United States Tax Court (Tax Court). Langley v. Commissioner (Langley), No. 17267-13, 2015 WL 392980, at *1 (T.C. Jan. 13, 2015) (Mem. Op.). She filed her first action in response to the IRS's notice of collection action for unpaid income taxes for the years 2006 and 2008-2010. Id.

She filed her second action seeking relief as an innocent spouse under I.R.C. § 6015(f). In particular, Ms. Langley sought to avoid tax liability for the years during which she filed joint returns with her now ex-spouse.

In November 2014, the Tax Court dismissed the second action "for lack of jurisdiction because there was no deficiency for 2004 and because petitioner had not filed joint returns for the later years." Id.; Order of Dismissal 3 (T.C. Nov. 12, 2014). Two months later, in January 2015, the Tax Court dismissed, as moot, Ms. Langley's remaining claims for tax years 2008 and 2010. But, the Tax Court sustained the proposed levy against plaintiff to collect the taxes owed for the years 2006 and 2009. Langley, 2015 WL 392980, at *3-5.

Ms. Langley appealed the Tax Court's decision to the United States Court of Appeals for the Eleventh Circuit. Langley v. I.R.S., No. 15-10791, 612 Fed. Appx. 585 (11th Cir. Aug. 12, 2015) (per curium). After losing her appeal, Ms. Langley filed, on October 29 and November 7, 2015, multiple claims with the IRS – each as a "Claim for Refund and Request for Abatement" (Form 843) for tax years 2009 and 2011-2013. Compl. App. A, 20-23.

By letter dated November 25, 2015, Ms. Jacquelyne Yarbrough, an IRS Accounts Management Services Manager informed Ms. Langley that the IRS "[could not] abate a refund that was applied to other tax years' unpaid tax obligations." Id. at 18-19. Thus, Ms. Yarbrough declined to take any further action on Ms. Langley's request. Id.

Ms. Langley then filed a petition for writ of certiorari with the United States Supreme Court. Id. at 4-12. In her petition, she erroneously attributed the Eleventh Circuit's opinion denying her appeal to the Supreme Court. Id. The Supreme Court denied her petition five months later, in January 2016. Id. at 1.

On February 10, 2016, Ms. Langley filed a complaint in this court, asking the court to do the following:

1.  Order the IRS to refund $51,068.84 in federal taxes, plus interest for tax years 2004, 2009, and 2011-2013;

2.  Order the removal of her ex-spouse's name from the title of her home as well as the removal of the lien held by her ex-spouse's legal counsel; and

3.  Void the State of Florida's judgment of lien and direct an award of $1,200,000.00 for the taking of her home by her ex-spouse's legal counsel, who serves as an elected state official "in charge of homeland security funds between two government bases where my son and many others serve this country and pay taxes on the income they earn in accordance with the fraud enforcement recovery act of 2009."

See Compl. 9-10.

Ms. Langley brings here the same legal issues she pressed before the Tax Court. As summarized by that court, Ms. Langley asserts that "she is entitled to refunds from the IRS going back approximately 10 years because of a refund on a joint return for 2004 and other property converted by her former spouse and/or those acting with him." Langley, 2015 WL 392980, at *4; see Compl. ¶¶1-41. Plaintiff claims that the Tax Court found, in the second case before it, that the casualty loss claimed in 2010 was valid; thus, she now contends that she is entitled to a tax refund of $1445.97 for tax year 2012. Compl. App. A, 22; see also Langley, 2015 WL 392980. She also claims that the IRS owes her a refund of $3210.27 for overpayments in tax year 2013. Compl. App. A, 23.

Ms. Langley's tax refund claims are only one aspect of her case. She also brings a takings claim based on the conduct of Ms. Suzzanne Green, the attorney who represented Ms. Langley's husband during the couple's divorce. Compl. ¶¶5-19, 21, 24, 26, 28-31, 33.

On May 10, 2016, Ms. Langley filed an amended complaint, repeating her initial claims and adding an extensive discussion of her earlier actions before the Tax Court and the Supreme Court. Am. Compl. 2-13. In addition, Ms. Langley filed a motion for sanctions. [1] Pl.'s Mot. for Sanctions, ECF No. 7.

That same day, defendant filed a motion to dismiss. Def.'s Mot., ECF No. 9. Defendant argues that the court lacks jurisdiction to hear: (1) plaintiff's property-related

---

[1]   Ms. Langley's Motion for Sanctions was denied, by separate order, on August 1, 2016.

claims against her ex-husband; (2) plaintiff's claims against Ms. Green; and (3) plaintiff's tax refund claims mirroring those she filed earlier in the Tax Court. Id. at 4-8.

Ms. Langley responded, objecting to all of defendant's arguments. Pl.'s Resp., ECF No. 13. She supplemented her response with additional filings to address the purported "casualty loss" and to provide the "correct" tax forms that defendant claimed she had not completed. Id. at App. D, 26-31.

Defendant filed an amended motion to dismiss, again asserting that the court lacks jurisdiction to hear Ms. Langley's claims. Def.'s Am. Mot., ECF No. 15. Ms. Langley responded, offering no new information and attaching copies of previous filings. Pl.'s Resp. to Def.'s Am. Mot., ECF No. 16. Defendant replied, maintaining its position that the court is without jurisdiction to decide Ms. Langley's claims. Def.'s Reply to Pl.'s Resp. to Def.'s Am. Mot. to Dismiss 1-3, ECF No. 17.

The matter is now ripe for a ruling.

II.    Legal Standards

The Tucker Act provides that this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "fairly be interpreted as mandating compensation by the Federal Government." United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (stating that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel"). Nonetheless, the fact that a plaintiff "acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures." Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995). Pro se plaintiffs must still meet jurisdictional requirements. Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only.").

Subject matter jurisdiction may be addressed at any time either by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir.

1993) (internal citations omitted). Once jurisdiction is questioned by the court or the opposing party, the plaintiff "bears the burden of establishing jurisdiction." J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2792 (2011). A plaintiff must establish jurisdiction by a "preponderance of the evidence." Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (internal citations omitted). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

III.   Discussion

The court considers, in turn, whether it has jurisdiction to hear plaintiff's takings claim, plaintiff's property lien claim, and plaintiff's tax refund claims.

A.     The Court Does Not Have Jurisdiction Over Plaintiff's Takings Claim

Consistent with its statutory authority, the Court of Federal Claims may exercise "jurisdiction over takings claims brought [under the Fifth Amendment] against the United States." Casitas Mun. Water Dist. v. United States, 708 F.3d 1340, 1359 (Fed. Cir. 2013) (internal citations omitted). But, the mere characterization of a plaintiff's claim as a taking does not make it so. Pines Residential Treatment Ctr., Inc. v. United States, 444 F.3d 1379, 1380 (Fed. Cir. 2006) (citing Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). Moreover, "the lawful exercise of the Government's tax collection powers does not amount to a taking." Gregoline v. United States, 99 Fed. Cl. 161, 168 (2011) (quoting Fry v. United States, 72 Fed. Cl. 500, 509 (2006)). Therefore, the court must "look to the true nature of the action in determining the existence . . . of jurisdiction." Katz, 16 F.3d at 1207 (internal citations omitted).

The court also considers who is being sued, as it determines whether jurisdiction exists. The court may hear claims properly brought against the United States only. 28 U.S.C. § 1491(a)(1). The court "does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." Anderson v. United States, 117 Fed. Cl. 330, 331 (2014) (internal citations omitted); see Brown v. United States, 105 F. 3d 621, 624 (Fed. Cir. 1997). Nor do claims against an individual federal actor fall within the court's limited jurisdiction. See Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007).

Plaintiff's takings claims are based on actions taken by Ms. Green acting as private counsel and, as alleged, acting on behalf of the State of Florida. The court is without jurisdiction to hear these claims.

B.     The Court Does Not Have Jurisdiction Over Plaintiff's Property Lien Claim

The filing of a notice of a tax lien against a property interest does not effect a takings. First Atlas Funding Corp. Through Kersting v. United States, 23 Cl. Ct. 137,

139 (1991), aff'd, 954 F.2d 733 (Fed. Cir. 1992) (dismissing plaintiffs' case for failure to state a claim because the filing of a lien is not a regulatory or statutory taking). As such, "an injunction against [the] enforcement of [a] lien, or a declaration that [a] lien is unenforceable is not within this court's specific powers." Id.

Ms. Langley asserts that her ex-husband and Ms. Green "filed an erroneous lien on the Plaintiff's homestead without Plaintiff's consent or knowledge." Pl.'s Resp., 9, ECF No. 13; see also id. at 8.[2]   Plaintiff asks the court to void the lien, but the court is without jurisdiction to do so.

C.      The Court Lacks Jurisdiction Over Plaintiff's Tax Refund Claims
        Under I.R.C. § 6512

The court may consider, in appropriate circumstances, federal tax refund claims. See Smith v. United States, 495 Fed. Appx. 44, 48 (Fed. Cir. 2012) (citing 28 U.S.C. § 7422(a)). A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in federal district court or in this court. See 28 U.S.C. § 1346(a)(1).

To invoke the court's jurisdiction over such a claim, the plaintiff must satisfy the requirements set forth in the Internal Revenue Code (I.R.C.). The I.R.C. requires "that a claim for a refund must be filed with the [IRS] before suit can be brought, and [it] establishes strict timeframes for filing such a claim." Buser v. United States, 85 Fed. Cl. 248, 256 (2009) (quoting United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008)).

If a taxpayer elects to pursue a refund claim before the Tax Court, neither this court nor the United States Court of Appeals for the Federal Circuit can review its judgments. See, e.g., Acay v. United States, 168 F.3d 1321 (Fed. Cir. 1998) (citing 26 U.S.C. § 7482(a)(1) ("The United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court.")). Moreover, this court is without jurisdiction to hear a claim that the Tax Court already has adjudicated. Wong v. United States, 49 Fed. Cl. 553, 554–55 (2001); Beatty v. United States, 121 Fed. Cl. 283, 286 (2015).

When a taxpayer receives a notice of deficiency and acts within the applicable time limit, "the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." I.R.C. § 6213(a). When a taxpayer takes this course of action, "no credit or refund of income tax for the same taxable year . . . in . . . which the Secretary has determined the deficiency shall be allowed . . . and no suit by the taxpayer for the

_____

[2]      It appears that there was an error in ECF No. 13 and pages 8-9 of plaintiff's Resp. are located on ECF page numbers 47 and 48.

recovery of any part of the tax shall be instituted in any court," except in limited circumstances. Id. § 6512(a). The limited circumstances are set forth below:

> A taxpayer may institute a suit in another court regarding the same tax year that was adjudicated in the United States Tax Court (Tax Court) if the suit in the other court is for recovery of: (1) overpayments determined by a final decision of the Tax Court; (2) any amount collected in excess of an amount computed in accordance with a final decision of the Tax Court; (3) any amount collected after the period of limitation has expired for making levy or bringing a proceeding in court for collection; (4) overpayments that are attributable to partnership items; (5) any amount collected when collection or assessment was prohibited under 26 U.S.C. (I.R.C.) § 6213(a) (prohibiting collection or assessment during the period for filing in the Tax Court); or (6) if appeal of a Tax Court decision is pending, refunds or credits authorized by the Tax Court decision to the extent that overpayments giving rise to the refunds or credits are not contested on appeal.

See I.R.C. § 6512(a)-(b) (2006). Section 6512(a) of the I.R.C., also provides that "if a taxpayer properly files a petition with the Tax Court, he cannot later file a claim in the Court of Federal Claims or in a district court to obtain a credit or refund for the same taxable year." Cheesecake Factory Inc. v. United States, 111 Fed. Cl. 686, 691 (2013) (quoting Smith v. United States, 495 Fed. Appx. 44, 48 (Fed. Cir. 2012) (per curiam) (unpublished).

The court has reviewed Ms. Langley's tax refund claims. Under I.R.C. § 6512(a), she is precluded from reasserting them here.

From Ms. Langley's case before the Tax Court, the court gleans that the IRS and, in turn, the Tax Court determined that she has an outstanding tax liability. The Tax Court construed her claim as "a request that the Court order . . . [a] refund to Petitioner $48,323.70 of tax overpayment plus interest for years 2004 to 2010."[3] The Tax Court rejected plaintiff's request and sustained the proposed levy to collect the unpaid balances for tax years 2006 and 2009. See Langley, 2015 WL 392980, at *2-5. The Tax Court also dismissed, as moot, her refund claims for tax years 2008 and 2010. Id.

Unsatisfied with those findings, Ms. Langley filed a complaint in this court again seeking a refund for tax years 2004 through 2010, the same tax years

---

[3]     Ms. Langley also requested that the Court order "Barney Langley be removed from the title to my home that he gave up his interest in, on Sept 22, 2004 so that Petitioner can reduce vs increase the loss incurred/Petitioner is incurring on that former marital asset going forward to 2014." Langley, 2015 WL 392980, at *4.

addressed by the Tax Court. See Langley, 2015 WL 392980. Ms. Langley also seeks a refund, with interest, for the tax years 2011-2013. Compl. 9-10.

Although Ms. Langley's tax refund claims for tax years 2011-2013 were not before the Tax Court, the IRS did direct Ms. Langley to file computational statements for the "carryback/carry forward years (2008, 2009, 2011 and 2012)." Compl. App. A, 21-23; Langley, 2015 WL 392980, at *3. By letter dated August 1, 2014, the IRS indicated that her claims for 2008-2009 and 2011-2012 had several defects that needed to be corrected. Am. Compl., App. B 15, ECF No. 8. Ms. Langley's claims for tax years 2011-2013 derive from the earlier refund claims she brought unsuccessfully before the Tax Court. See Compl. App. A, 21-23; compare id. at 22 (misstating that the tax court decided in her favor for tax year 2010), with Langley, 2015 WL 392980, at *5 (dismissing her claims for tax year 2010 as moot).

The Tax Court already has heard Ms. Langley's refund claims through 2010. The latter claims are related to those earlier claims, and must be heard by the Tax Court. See Buser, 85 Fed. Cl. at 258. None of the limited circumstances that would allow her to bring suit under Section 6512(1) apply. Thus, the court lacks jurisdiction to hear plaintiff's tax refund claims.

IV.   Conclusion

For these reasons, defendant's Amended Motion to Dismiss is **GRANTED**. The Clerk of the Court is directed to enter judgment for the government. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge